# Franzblau Dratch, P.C.

S.M. Chris Franzblau
Stephen N. Dratch*
Julian Wilsey
Brian M. Dratch*
Shay Shailesh Deshpande*

NEW YORK OFFICE
233 Broadway, Suite 1800
New York, NY 10279
(212) 571-1808
Please reply to NJ Office
WEBSITE: www.njcounsel.com

Attorneys At Law
Plaza One
354 Eisenhower Parkway
P.O. Box 472
Livingston, New Jersey 07039-0472

Main Office (973) 992-3700
Telecopier (973) 992-7945 or (973) 994-0130

email: sdratch@njcounsel.com

OF COUNSEL
Richard E. Mischel*
Allen B Pearl
Sanford F. Young*
Adam D. Dratch*

* NJ & NY BAR

Writer's Direct Dial: (973) 533-7212

February 8, 2019

Hon. Sydney H. Stein
United States District Judge
Southern Distict of New York
500 Pearl Street
Room 23A
New York, New York 10007

    Re:    Hitachi Data Systems Credit Corp. v. Precision Discovery Inc.
              <u>Civil Case No. 17-cv-06851(SHS)</u>

Hon. Judge Stein:

I am counsel to non-party Great American Insurance Company ("GAIC") in connection with a claim that Precision Discovery, Inc. ("Precision") has submitted under Crime Protection Policy No. SAA 4004332 02 00 (the "Policy"). I write in regard to that part of Your Honor's January 31, 2019 Order (ECF dkt # 97) (the "January 31 Order") that states, in relevant part, that "a representative of Great American Insurance Company with settlement authority shall be present" at a second round of mediation between Precision and Hitachi Data Systems Credit Corp.

00158268 - 1

Hon. Sydney H. Stein
February 8, 2019
Page Two

("HDSCC") who I understand are the parties to the above-referenced action. (GAIC received notice of the January 31 Order on February 5, 2019 when a copy was forwarded to it via email by Precision's broker). For the reasons described below, I respectfully request that the Court reconsider its command to GAIC to appear at the mediation.

While I cannot speak to any representations that have been made to Your Honor as GAIC is not a party to these proceedings, it appears to me that the Court is under the misimpression that GAIC is Precision's liability insurer and agreed to indemnify Precision against claims by third-parties such as HDSCC. That is not the case. Rather, the Policy provides first-party coverage to Precision for direct losses sustained as a result of employee dishonesty. The New York Court of Appeals explained the distinction:

> Policies indemnifying against liability . . . obligate the insurer to discharge an obligation owed by the insured to another arising from some act of the insured. The risk insured against is not injury to or loss of the property named in the policy, but liability or responsibility of the insured for loss or injury caused by the use of such property. In contrast, under the employee dishonesty coverage here, the insurance is against loss of property, owned by or belonging to the insured or others, through employee dishonesty. And the loss occurs when money or other covered property is misappropriated from the insured, irrespective of the capacity in which the insured holds it. That the insured may be liable to a third party for a loss of money resulting from employee dishonesty does not transform a policy covering the insured against a direct

Hon. Sydney H. Stein
February 8, 2019
Page Two

> loss into one indemnifying against liability[.] Nor does that result obtain merely because plaintiff anticipated that the fidelity coverage would operate by virtue of the insured's liability to it.

*175 E. 74th Corp. v. Hartford Accident & Indem. Co.*, 51 N.Y.2d 585, 593 (1980) (citations and quotations omitted). Accordingly, GAIC, under the Policy, cannot be obligated to pay money to HDSCC for claims it might have against Precision, which is typically the reason that an insurer will be required to participate in litigation (including mediation) involving its insured.

But beyond the atypicality of having a first-party insurer participate in the mediation of claims between the insured and third-parties, requiring GAIC to participate in such a manner in these proceedings would greatly prejudice GAIC's rights under the Policy to investigate Precision's claim. Unlike a liability policy, GAIC is not obligated to indemnify its insured merely by virtue of the fact that a judgment may be entered against the insured. Nor is GAIC obligated to pay its insured merely by virtue of the fact that its insured has suffered a loss of some sort that can be traced to acts of the insured's employee. Rather, the obligation to pay will turn on many intensive fact based determinations, such as the employee's state of mind and whether the loss (or specific parts of the loss) are actually the direct result of the employee's acts or whether they can be attributed to other factors. To date, GAIC's investigation to enable it to make these determinations is still ongoing

Hon. Sydney H. Stein
February 8, 2019
Page Two

and, as I understand it, virtually no discovery has occurred in this action. Accordingly, GAIC, by virtue of being required to attend the mediation session, would be encouraged to pay a claim under its Policy (perhaps to a third-party) without the benefit of a full investigation to determine whether the claim is even covered.

In sum, while I can appreciate the Court's desire to see this litigation resolved, for the reasons stated above, GAIC is not a proper party to achieve that end. Accordingly, GAIC respectfully requests that the Court revise the January 31 Order to strike any obligation that GAIC attend the second mediation session.

Respectfully submitted,

STEPHEN N. DRATCH

SND/dam
cc:   John A. Boudet, Esq. (Gray Robinson)
      Lawrence M. Pearson, Esq. (Wigdor, LLP)

00158268 - 1