# WIGDOR LLP

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Lawrence M. Pearson**
lpearson@wigdorlaw.com

February 11, 2019

**VIA ECF**

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl St., Courtroom 23A
New York, NY 10007

    Re:    Hitachi Data Systems Credit Corporation v. Precision Discovery, Inc.;
            Civil Case No.:17-cv-06851 (SHS)

Dear Judge Stein:

We represent Defendant Precision Discovery, Inc. ("Precision" or "Defendant") in the above-referenced matter and write in response to the letter submitted by Great American Insurance Company ("GAIC") on February 8, 2019, seeking that the Court overturn its January 31, 2019 Order mandating GAIC send a representative to the mediation between the parties in the instant action. For the reasons set forth below, as well as those explained by Precision to the Court during the January 31, 2019 conference, the Court should reject GAIC's application.

First, GAIC's contention that it should not be required to appear at the mediation because it is not Precision's liability insurer is irrelevant. As Precision explained during the conference, GAIC's role in this action is not as a liability insurer, and Precision is not claiming that it must indemnify Precision as a result of any monies owed to Hitachi directly. Rather, as GAIC rightfully concedes, Precision has a policy covering it for losses stemming from the actions of a dishonest employee, in this case, Howard Holton. Because Holton's fraudulent conduct directly led to the inception of Schedule J, without Precision's knowledge, Precision has filed a claim under its policy with GAIC for reimbursement of the damages stemming from Holton's disloyal behavior. In addition, Holton's conduct is central to the action filed by Precision in the U.S. District Court of Colorado, in which the related entity Hitachi Vantara is a defendant, and any resolution in the current action is likely to contemplate a waiver of Precision's claims in that matter (in which GAIC does have a direct interest). Therefore, contrary to GAIC's claims, it is essential that GAIC be present at the mediation. Both parties are committed to trying to resolve this matter at the mediation. Given Precision's precarious financial condition—to the extent that Precision can reach an agreement with GAIC on the dishonest employee claim that it has filed—it would then be in a position to make a more robust offer to settle Hitachi's claims.

Second, GAIC's claim that it would somehow be prejudiced by being forced to appear at the mediation because it has not had sufficient time to conduct an investigation cannot be reconciled with the facts. Precision filed a claim under its insurance policy with GAIC on April 18, 2018,



The Hon. Sidney H. Stein
February 11, 2019
Page 2

nearly **ten months ago**.  In addition, the last request for information that GAIC made prior to its letter to the Court was on August 9, 2018, over six months ago.  Since then, despite all of the protests in its February 8, 2019 letter, GAIC has not made any effort to resolve the "fact based determinations" it claims must be addressed.  It has not sought to conduct any interviews, and it was only today—*after* it submitted its letter to the Court—that it has even requested additional documents.  Instead, GAIC has blocked every effort by Precision to obtain a resolution on its claim, despite repeated inquiries by Precision regarding whether GAIC needs any further information or when a determination will be made.  It is clear that, if allowed to do so, GAIC would continue to push any decision concerning Precision's claim as far into the future as possible.  However, if Precision is going to be able to reach a resolution with Hitachi, it needs clarity from GAIC as to the monies owed under the insurance claim.  It is for this reason that Precision requested that GAIC be required to be present at the mediation in the first instance, and it is for this reason that Precision maintains that its insurer's presence continues to be necessary.

We thank Your Honor for the Court's time and attention to this matter.

Respectfully submitted,

Lawrence M. Pearson

cc:     All counsel of record (*via* ECF)