

| | 301 East Pine Street | |
| --- | --- | --- |
| | Suite 1400 | Boca Raton |
| | Post Office Box 3068 (32802-3068) | Fort Lauderdale |
| | Orlando, Florida 32801 | Fort Myers |
| | tel 407-843-8880 | Gainesville |
| | fax 407-244-5690 | Jacksonville |
| | | Key West |
| John A. Boudet | | Lakeland |
| Chair - Complex Litigation | | Melbourne |
| 407-244-5619 | | Miami |
| JOHN.BOUDET@GRAY-ROBINSON.COM | | Naples |
| | April 11, 2019 | Orlando |
| | | Tallahassee |
| | | Tampa |
| | | West Palm Beach |

**VIA CM/ECF**

Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 23A
New York, NY 10007

      RE:   *Hitachi Data Systems Credit Corporation v. Precision Discovery, Inc.*
              U.S. District Court, Southern District of New York Case No. 17-cv-06851 (SHS)

Dear Judge Stein:

      We write to report on a significant change in the status of this matter and to request that the Court (i) re-open discovery for the limited purpose described below, and (ii) schedule a status conference as soon as practicable. The change in status is this: after agreeing to a settlement at the court-ordered mediation on February 21, 2019—thereby causing Hitachi to cancel Precision's re-scheduled 30(b)6 deposition[1]—Precision has now advised that it has changed its mind and has elected to withdraw from the agreed-upon settlement.

      Precision's eleventh hour change of heart raises serious questions of bad faith. But more to the point, Precision's behavior places Hitachi, who has acted in utmost good faith, in an absolutely untenable position, severely prejudicing its rights. Hitachi cancelled Precision's duly noticed 30(b)6 deposition, scheduled for February 22, 2019, in reliance on the representations by Precision's counsel and its mediation representatives that they agreed to the proposed settlement and had authority to do so. Now, having manipulated and frustrated the discovery process twice—once by simply failing to appear for its duly-noticed 30(b)6 deposition and a second time by pretending to agree to a settlement and then reneging—Precision finds itself in the enviable position of being able to oppose Hitachi's summary judgment motion with "evidence" that was never provided through discovery or subjected to scrutiny through sworn depositions.

      To remind the Court of how we find ourselves in this situation, the fact-discovery deadline in this case was initially set as February 1, 2019. (See, Case Management Order dated

---

[1] Defendant's 30(b)6 depositions had to be rescheduled because Defendant failed to appear for its previously scheduled and duly-noticed 30(b)6 deposition on January 30, 2018. See, Plaintiff's Motion for Discovery Sanctions at Doc. #96.

GRAYROBINSON
PROFESSIONAL ASSOCIATION

April 11, 2019
Page 2

September 20, 2018, Doc. #81; Deadlines re-affirmed via hand-written endorsement dated October 5, 2018, Doc. #83). On December 26, 2018, Hitachi timely and properly served Precision with a Notice of 30(b)6 deposition, setting the deposition for January 30, 2019—two days before the discovery deadline. Precision simply failed to appear for that deposition. The next day, on January 31, 2019, the parties appeared for a previously scheduled Pre-trial Conference. At that hearing, Hitachi sought discovery sanctions for Precision's failure to appear for the deposition. Precision sought a 30-day extension of the discovery deadline and further requested that the Court order the parties to attend a second mediation. The Court denied Hitachi's request for sanctions and granted Precision's request to extend the discovery deadline by 30 days, to February 28, 2019, and further ordered the parties (along with Great American Insurance Company) to participate in a second round of mediation within 30 days. (Doc. #97).

On February 12, 2019, Hitachi duly and timely served Precision with an Amended Notice of 30(b)6 deposition, re-setting the deposition for February 22, 2019, the date that had been agreed upon by counsel. The second, court-ordered mediation conference was scheduled for February 21, 2019 at the offices of mediator Simon Baum. When a settlement was reached in the mediation on the evening of February 21—and in reliance on Precision's representations regarding the settlement, Hitachi cancelled Precision's deposition that had been set for the following day.

That same day, on February 22, 2019, Precision's counsel filed a letter-motion advising the Court that the parties had reached "an agreement in principle and have prepared an initial term sheet in connection with the agreement." The letter-motion requested a 30-day extension of all deadlines "to avoid incurring further expenses" and to "allow sufficient time to finalize a settlement agreement." (Doc. #103). The Court promptly granted the request. (Doc. #104).

Thereafter, and for the next month, Hitachi's counsel diligently undertook the task of preparing a series of settlement documents to effectuate the settlement agreement that had been reached at the mediation. Throughout that process, Hitachi's counsel has been providing drafts to Precision's counsel, soliciting and receiving input, keeping counsel updated, and generally proceeding in the normal fashion with the full expectation that the settlement would be finalized and signed in short order. Indeed, less than two weeks ago, at the pre-trial conference held on March 28, 2019, the attorneys for both parties reconfirmed to the Court that a settlement was in the process of being documented and signed. Without disclosing the terms of the settlement, we informed the Court that the settlement required preparation of fairly complex documents and that the drafting process was therefore taking a bit longer than usual. Nevertheless, we told Your Honor that the filing of a dismissal with prejudice was imminent and that, as a consequence, there was no need for the Court to alter the existing deadlines regarding Hitachi's pending summary judgment motion, all of which were expected to be rendered moot by the settlement. Later that day, the Court entered an order re-affirming those deadlines. (Doc. #105).

The following day, on March 29, less than 24 hours after making those representations to this Court, and conveniently, the day *after* the extended discovery deadline, Defendant's counsel

**GRAYROBINSON**
PROFESSIONAL ASSOCIATION

April 11, 2019
Page 3

Lawrence Pearson advised Hitachi's counsel that Precision had decided not to approve the settlement after all. This stunning announcement from Precision's counsel was the first indication that Precision was not fully committed to the settlement as agreed upon and that it did not intend to complete the settlement reached at the mediation a month earlier.

Hitachi does not and cannot ask the Court to enforce a settlement that was not fully finalized. Nor does Hitachi ask this Court to punish Precision for its duplicitous conduct. However, Hitachi has been severely prejudiced by Precision's actions and firmly believes that it should not be punished for acting in good faith, for avoiding unnecessary expenses, and for relying upon Precision's representations and those of its counsel. Accordingly, and to avoid unfair prejudice, we ask that Precision be: (i) compelled to appear for a full 30(b)6 deposition forthwith, or alternatively, (ii) barred from presenting evidence from any Precision employee, former employee or officer in opposition to Hitachi's motion for summary judgment or at trial. In the event that Precision is required to appear for deposition, Hitachi's deadline to reply to any response filed by Precision in opposition to Hitachi's motion for summary judgment should be extended until 14 days after the completion of Precision's deposition. Such an extension will allow time for the deposition transcript to be prepared and used for citation in Hitachi's Reply, if necessary.

The undersigned certifies that he has conferred with Precision's counsel, Lawrence Pearson, prior to submitting this letter-motion but we were unable to agree on the relief requested.

Sincerely,

John A. Boudet

JAB/ct
cc:  Lawrence M. Pearson, Esq.
     Richard P. Kaye, Esq.

\338066\8 - # 13466935 v1