

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HITACHI DATA SYSTEMS CREDIT CORPORATION,

                              Plaintiff,

             v.

PRECISION DISCOVERY, INC.,

                              Defendant.

---

17-Cv-6851 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Plaintiff Hitachi Data Systems Credit Corporation moves for an award of attorney's fees and costs against defendant Precision Discovery, Inc. For the reasons set forth below, the Court grants Hitachi's motion.

## I. BACKGROUND

In this breach-of-contract suit, Hitachi alleged that Precision failed to make payments due to Hitachi under a lease agreement. Precision responded to the suit by filing counterclaims against Hitachi and impleading two other companies: Hitachi's parent company—Hitachi Vantara Corporation—and a third party—Cold Creek Solutions, Inc. The Court granted motions to dismiss Precision's counterclaims and third-party claims, thereby allowing only Hitachi's breach-of-contract claim to proceed. *Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*, 331 F. Supp. 3d 130, 137 (S.D.N.Y. 2018).

Hitachi moved for summary judgment following the close of discovery. The Court subsequently granted that motion, concluding that, by agreeing to the lease's "hell or high water clause," Precision "committed itself to making lease payments without exception." *Hitachi Data Sys. Credit Corp. v. Precision Discovery, Inc.*, No. 17-Cv-6851, 2019 WL 3802178, at *6 (S.D.N.Y. Aug. 13, 2019), *appeal dismissed*, No. 19-2820, 2019 WL 8137153 (2d Cir. Dec. 18, 2019). The Court directed the parties to confer on the amount of damages and submit a proposed judgment. *Id.* After the parties did so, the Court entered judgment in favor of Hitachi in the amount of $6,184,258.57. (J., ECF No. 130.) Hitachi then filed this motion for attorney's fees. (Pl.'s Mot., ECF No. 131.)

## II. DISCUSSION

### A. Legal Standard

"In federal practice the general rule . . . is that each party bears its own attorneys' fees." *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1312 (2d Cir. 1993). But "parties may

agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law." *Id.* at 1313. Under those circumstances, "such an award becomes the rule rather than the exception." *Id.*

In the judgment here, the parties stipulated to Hitachi's entitlement to attorney's fees and costs pursuant to their lease agreement. (*See* J. at 2.) The parties cited to paragraph 16.3(c) of that agreement, which provides that "[Precision] shall pay [Hitachi], on demand, all costs and expenses, including but not limited to legal and collection fees, incurred by [Hitachi] in enforcing the provisions of the [lease]." (Lease Agreement, Compl. Ex. A, ¶ 16.3(c), ECF No. 1-2.) The Court's inquiry at this point is therefore limited to determining the amount of reasonable attorney's fees and costs due to Hitachi.

To determine an appropriate fee award, the Court begins from what is denominated the "lodestar"—that is, "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). The lodestar is a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183, 190 (2d Cir. 2008). The Court may also "adjust the lodestar when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee,'" though "such adjustments are appropriate only in 'rare circumstances.'" *Millea*, 658 F.3d at 167 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). The moving party bears the burden of establishing an entitlement to attorney's fees and costs. *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994).

### B. Reasonable Hourly Rate

"The reasonable hourly rate is the rate a paying client would be willing to pay," while "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190. In most cases, that rate must be in accord with the so-called "forum rule," which provides that "courts 'should generally use "the hourly rates employed in the district in which the reviewing court sits" in calculating the presumptively reasonable fee.'" *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill*, 522 F.3d at 119).

Hitachi seeks to receive the hourly rates of its lead counsel, GrayRobinson, P.A., ranging from $335 to $525 for three partners, along with rates of $160 for two associates and $155 for a single paralegal. (Pl.'s Mot. at 4.) Hitachi also seeks hourly rates of $550 and $475, respectively, for two partners who served as local counsel. (*Id.*) In support of these requested rates, Hitachi has provided affidavits from two of its attorneys—John Boudet, Hitachi's lead counsel, and Richard Kaye, its local counsel—both of whom assert

that these rates are consistent with the prevailing hourly rates charged by attorneys in this district. (*See* Boudet Decl. ¶ 5, ECF No. 133-1; Kaye Decl. ¶ 9, ECF No. 134-1.)[1]

Precision, however, disputes the reasonableness of these requested rates, arguing that "[t]he skill and specialization" required for this case do not justify the rates sought by Hitachi. (Precision Opp'n at 2, ECF No. 140.) The Court disagrees. The rates sought by Hitachi are well within the rates approved by other courts in this district. In typical commercial cases, "New York [federal] district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour," as well as "rates for law firm associates in the range of $200 to $450 per hour and for law firm paralegals in amounts of approximately $200 per hour." *Genger v. Genger*, No. 14-CV-5683, 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) (citation omitted); *see also, e.g., Winklevoss Capital Fund, LLC v. Shrem*, 360 F. Supp. 3d 251, 257 (S.D.N.Y. 2019) (hourly rates of "$580 for a partner, $445 for a senior associate, and $265 for an associate" for a commercial case are "clearly within the bounds of what has been approved by courts in this district"); *Tiffany & Co. v. Costco Wholesale Corp.*, No. 13 CV 1041, 2019 WL 120765, at *10 (S.D.N.Y. Jan. 7, 2019) ("[T]he hourly rates, ranging from $315–$585 per hour for an associate (depending on experience) to between $625 and $845 per hour for a partner, are reasonable considering the prevailing rates for firms engaging in complex litigation in this district.").

The Court notes, however, that a substantial number of hours billed were for work completed by John Boudet, the most senior partner for GrayRobinson. In total, Hitachi seeks approximately 863 hours on behalf of GrayRobinson and 106 hours on behalf of two firms that served as local counsel. By the Court's measure, about 439 of those hours—nearly half of the requested hours—were billed by Boudet, whose hourly rate of $525 far exceeds that of any other GrayRobinson attorney. (*See* Pl.'s Mot. at 4.)

"Courts frequently reduce fee requests where work that could have been handled by more junior lawyers was instead performed by a senior partner." *HTV Indus., Inc. v. Agarwal*, 317 F. Supp. 3d 707, 721 (S.D.N.Y. 2018) (citation omitted); *see also Union Cent. Life Ins. Co. v. Berger*, No. 10 Civ. 8408, 2013 WL 6571079, at *6 (S.D.N.Y. Dec. 13, 2013) (collecting cases). Here, although much of Boudet's work involved high-level management of the litigation, he also appears to have been responsible for, among other tasks, drafting the complaint and other motions, corresponding with local counsel

---

[1] The Court notes that Hitachi neglected to provide details regarding the qualifications of at least six individuals for whom fees are sought: Natalie Bunnell, Nora Miller, Jean Nelson, Anne O'Malley, Tucker Thoni, and Sean Vallancourt. (*See, e.g.*, Boudet Decl. Ex. 1, at 5, 19, 62, 67, ECF No. 133-3; Boudet Decl. Ex. 2, at 4, 22, ECF No. 133-4.) Nonetheless, because these individuals' qualifications can be found online and because Precision has not raised any objections to awarding fees for these individuals, the Court concludes that awarding fees for their work is appropriate. *See Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088, 2017 WL 3868990, at *3 n.4 (S.D.N.Y. Sept. 5, 2017).

regarding a pro hac vice application, and reviewing discovery responses (*See, e.g.,* Boudet Decl. Ex. 1, at 4–5, 17–18, 50–51, 59.) Hitachi provides no reason why these types of tasks required an attorney of Boudet's experience. In fact, they do not. After a review of Boudet's billing entries, the Court concludes that an approximate 20% fee reduction— $46,095[2]—to Boudet's requested fees is appropriate. *See HTV Indus.,* 317 F. Supp. 3d at 725 (25% fee reduction under similar circumstances); *Rosso v. Pi Mgmt. Assocs., L.L.C.,* No. 02 CIV. 1702, 2006 WL 1227671, at *4 (S.D.N.Y. May 3, 2006) (15% fee reduction).

### C. Reasonable Number of Hours

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.,* 148 F.3d 149, 173 (2d Cir. 1998). A party seeking attorney's fees should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). Ultimately, however, the Court does not make "an *ex post facto* determination of whether attorney hours were necessary to the relief obtained." *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir. 1992). Instead, the relevant inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Id.*

Here, in support of its motion, Hitachi has provided billing records that contain entries for the hours worked by each time keeper, including the date, hours expended, and the nature of the work completed. (*See* Pl.'s Mot. at 5–6.) Hitachi also notes that it deducted all travel time for out-of-state counsel and time spent preparing the defense of Hitachi's parent company, Hitachi Vantara Corporation, from its fee request. (*Id.* at 5.)

Precision disputes the reasonableness of Hitachi's requested hours for three reasons. First, Precision contends that, because Hitachi redacted portions of its time records, it is "largely impossible" for those records to be challenged. (Def.'s Opp'n at 2.) It is true that a certain degree of specificity in the moving party's billing records is required to justify a fee award and that a court may reduce a fee award for entries that are too "vague or incomplete." *Miroglio S.P.A. v. Conway Stores, Inc.,* 629 F. Supp. 2d 307, 312 (S.D.N.Y. 2009); *see also Pyatt v. Jean,* No. 04-CV-3098, 2010 WL 3322501, at *5 (E.D.N.Y. Aug. 17, 2010). Still, "[c]ourts in this circuit have awarded attorneys' fees despite the redaction of privileged information in attorneys' time records." *CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A.,* No. 07 CIV. 11078, 2011 WL 4526132, at *4 (S.D.N.Y. Sept. 29, 2011); *accord*

---

[2] As noted, Boudet billed approximately 439 of the hours sought at a rate of $525 per hour, so the approximate amount sought by Boudet is therefore $230,475 (439 hours × $525/hour). Twenty percent of $230,475 is $46,095.

4

*Sidley Holding Corp. v. Ruderman*, No. 08CIV.2513, 2009 WL 6047187, at *24 (S.D.N.Y. Dec. 30, 2009), *adopted by* No. 08CIV.2513, 2010 WL 963416 (S.D.N.Y. Mar. 15, 2010).

Here, the Court concludes that a reduction for Hitachi's redacted records is not warranted. To begin with, the vast majority of Hitachi's time entries are not redacted. And even when they are, the Court can still determine the nature of the work performed. *See Wise v. Kelly*, 620 F. Supp. 2d 435, 452 (S.D.N.Y. 2008) ("[W]here an attorney's time entries are vague, courts may attempt to decipher them by reference to the 'context in which these entries occur [to determine] what work was involved.'" (second alteration in original) (citation omitted)). For example, Precision objects to an entry in which attorney Natalie Yello "review[ed] and analyze[d] New York and federal cases examining New York [LEGAL ISSUES]" on November 15, 2017. (Def.'s Opp'n at 2 (quoting Boudet Decl. Ex. 1, at 9).) Although the precise issues researched are redacted, the date of the entry coincides with Precision's November 14 filing of its answer, which asserted several affirmative defenses, counterclaims, and a third-party complaint against new parties. (*See* Def.'s Answer, ECF No. 22.) From this context, it is apparent to the Court that the nature of the work performed related to these legal issues. *See Wise*, 620 F. Supp. at 452.

Second, Precision claims that Hitachi seeks attorney's fees "for work that was not related to the prosecution of its claims in this case." (Def.'s Opp'n at 3.) In particular, Precision points to a series of entries related to claims brought against Cold Creek Solutions, which Precision notes "was not a party to the claims brought by Hitachi against Precision." (*Id.*) This argument is unavailing. "[W]here a fee applicant recovers on a claim subject to a contractual attorney's fee provision and in the process litigates a counterclaim on which he must prevail in order to recover on his claim, then the fee applicant is entitled to his attorney's fees for both the claim and the counterclaim." *Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 18 (2d Cir. 1992) (citation omitted). As Hitachi notes, Cold Creek was a third-party defendant impleaded by Precision, and Precision's claims against Cold Creek were deeply intertwined with Precision's counterclaims against Hitachi. (Pl.'s Reply at 5, ECF No. 141.) The Court therefore agrees that Hitachi's attorneys "had ample reasons to strategize and confer with" Cold Creek's counsel. (*Id.*)

Third, Precision argues that Hitachi has improperly inflated its hours by virtue of "engag[ing] out-of-district counsel in this case." (Def.'s Opp'n at 3.) According to Precision, Hitachi should not be permitted to recover fees for "its counsel's efforts to familiarize itself with the law in the state of New York." (*Id.*) Precision is wrong. Any attorney—in this district or elsewhere—would be well advised to conduct some legal research on behalf of her client, regardless of her prior familiarity with the governing law. Indeed, an attorney may be legally and ethically obligated to do so. *See* Fed. R. Civ. P. 11(b)(2) (providing that, by presenting papers to the court, an attorney certifies that her "claims, defenses, and other legal contentions are warranted by existing law or by a

nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"); Model Rules of Pro. Conduct r. 1.1 cmt. 5 (Am. Bar Ass'n 1983) ("Competent handling of a particular matter includes inquiry into and analysis of the factual and legal elements of the problem, and use of methods and procedures meeting the standards of competent practitioners.").

### D. Costs

Precision's only objection to Hitachi's requested costs relates to Hitachi's purported request for "travel costs for its lawyer to come to New York from Florida" found in a March 2019 invoice. (Def.'s Opp'n at 4 (citing Boudet Decl. Ex. 1, at 62–63.) But Hitachi is not seeking to recover those expenses from Precision in this application. (*See* Pl.'s Reply at 7.) The Court therefore grants Hitachi's request for $13,859.70 in costs.

### E. Total Award

Hitachi seeks $369,570.00 in attorney's fees and $13,859.70 in costs. As set forth above, Hitachi is awarded $323,475.00 in attorney's fees. The Court also grants Hitachi's requests for costs in full. Thus, the total award pursuant to paragraph 16.3(c) of the parties' lease agreement is $337,334.70.

### III. CONCLUSION

For the foregoing reasons, the Court grants Hitachi's motion for attorney's fees and costs and enters an award of $337,334.70 against Precision.

Dated: New York, New York
September 24, 2020

SO ORDERED:

Sidney H. Stein, U.S.D.J.